IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD FOLKER : | |
| 30 Madison Street : | |
| Swedesboro, NJ 08085 : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. |
| IRON HILL BREWERY & RESTAURANT : | |
| 147 East Main Street : | |
| Newark, DE  19711 : | |
| and : | |
| C&D BREWING COMPANY, LLC : | |
| 2502 West 6th Street : | **JURY TRIAL DEMANDED** |
| Wilmington, DE  19805 : | |

## **COMPLAINT – CIVIL ACTION**

1.	This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1332, based on diversity of citizenship between the parties, as Plaintiff is a resident of the State of New Jersey, and Defendants are business entities with their principal place of business located in the State of Delaware.  This citizenship of all parties has been determined, and the amount in controversy exceeds the sum of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and cost.

2.	Plaintiff, Edward Folker, is a resident of the State of New Jersey residing at 30 Madison Street, Swedesboro, NJ 08085.

3.	Defendant, Iron Hill Brewery and Restaurant, is a business entity organized and existing under the laws of the State of Delaware, with its principal place of business located at 147 East Main Street, Newark, DE 19711.

4.	Defendant, C&D Brewing Company, LLC, is a business entity organized and existing under the laws of the State of Delaware, with its principal place of business located at 2502 West 6th Street, Wilmington, DE 19805.

5.	At all times mentioned herein and material hereto, Defendants, Iron Hill Brewery & Restaurant and C&D Brewing Company, LLC, regularly conducted business in the Commonwealth of Pennsylvania.

6.	At all times mentioned herein and material hereto, Defendants were the owners and operators of the Iron Hill Brewery & Restaurant located at 3 West Gay Street, West Chester, PA.

7.	On or about December 7, 2002, Plaintiff, Edward Folker, was employed as a delivery driver for J. Ambrogi Food Distribution, Inc. and was required to make delivery to Defendants' restaurant located 3 West Gay Street, West Chester, PA.

8.	On or about December 7, 2002, Plaintiff, Edward Folker, was lawfully and properly on Defendants' property during the course and scope of his employment for J. Ambrogi Food Distribution, Inc.

9.	On or about December 7, 2002, Plaintiff, Edward Folker, while a business invitee upon the premises of Defendants, Iron Hill Brewery & Restaurant and C&D Brewing Company, LLC, was caused to slip and fall on the back stairs of Defendants' property due to the carelessness and negligence of Defendants, by and through their separate and respective agents, employees, servants, ostensible agents and/or workmen, acting within the course and scope of their employment for said Defendants.

10.	Defendants knew of the dangerous and icy condition of the stairwell and despite this knowledge, refused to permit or provide safe access to Plaintiff.

11.	Defendants knowingly disregarded the safety of Plaintiff, Edward Folker, through their failure to permit or provide safe access to their facility.

12.	As a result of Defendants' negligence and conscious disregard for the safety or Plaintiff, Edward Folker, he was caused to slip and fall on the rear stairs sustaining serious and permanent physical injuries on or about December 7, 2002.

## COUNT I – NEGLIGENCE

## EDWARD FOLKER V.
## IRON HILL BREWERY & RESTAURANT
## AND C&D BREWING COMPANY, LLC

13. Plaintiff, Edward Folker, incorporates herein by reference paragraphs 1 through 12 of this Complaint as if fully set forth hereinafter.

14. Defendants, Iron Hill Brewery & Restaurant and C&D Brewing Company, LLC, by and through their agents, servants, ostensible agents, employees and/or workmen, acting within the course and scope of their employment, were careless and negligent in:

- a) failing to maintain the back stairs of its restaurant in a proper and safe condition;

- b) failing to maintain the rear stairs of its restaurant in a proper and safe condition despite the fact that Defendants knew or should have known of the dangerous condition prior to the happening of Plaintiff's accident;

- c) failing to adequately and properly maintain the stairs at its restaurant;

- d) failing to adequately and properly remove snow and ice from the rear stairs of its restaurant;

- e) failing to remove snow and ice that had accumulated on the premises that created a dangerous and hazardous condition;

- f) failing to warn the Plaintiff of the dangerous and hazardous condition created by the snow and ice on the rear stairs of its facility;

- g) failing to warn business invitees, including the Plaintiff, of the dangerous and unsafe condition created by the accumulation of snow and ice on its stairs;

- h) failing to properly warn business invitees, including Plaintiff, of the danger created by Defendants' failure to clean snow and ice from its stairs;

- i) failing to adequately and properly remove snow and ice from the stairs of its facility despite being informed of the dangerous condition;

- j) failing to permit or provide safe access to their facility despite their knowledge of the dangerous and hazardous condition of the rear stairs;

- k) failing to take proper precautions so that business invitees, such as Plaintiff, would not be injured on said premises;

l) failing to have a proper and adequate policy or procedure concerning the removal of snow and ice from the Defendants' property;

m) failing to remove snow and ice from its rear stairs despite a request by the Plaintiff to do so;

n) failing to allow Plaintiff alternate access to their facility despite Plaintiff's request to do so;

o) failing to inspect the rear stairs of the facility to ensure they were safe;

p) failing to properly remove snow and ice that had accumulated on its stairs; and

q) failing to cover and/or remedy the defects which caused the unsafe and hazardous accumulations of snow and ice on its rear stairs.

15. By reason of the carelessness and negligence of Defendants, as aforesaid, Plaintiff, Edward Folker, was caused to suffer severe personal injuries; he suffered contusions and lacerations to the right knee; he suffered sprains and strains to the right knee; he has suffered swelling and edema of the right knee; he suffered fractures within the marrow space of the proximal tibia of the right knee; he has suffered peripheral osteophytosis of the right knee; he has suffered a traumatic chondromalacia patella of the right knee; he has suffered patellofemoral crepitance; he has suffered from extreme pain and discomfort; he will in the future continue to suffer from pain and discomfort; he has in the past and will in the future require medicines, medical aid, medical care, medical treatment and rehabilitation; he was required to undergo extensive physical therapy; he may in the future continue to require physical therapy; he has in the past and may in the future continue to suffer agonizing aches, pains, suffering and mental anguish.  He has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment; he has sustained loss of earnings and a loss of earning capacity; he has in the past and may in the future incur medical bills and medical expenses; he has in the past and may in the future continue to endure loss of life's pleasures and loss of enjoyment of life; he has in the past and may in

the future continue to suffer the inability to engage in his usual activities, hobbies and avocations.

WHEREFORE, Plaintiff, Edward Folker, claims of Defendants, Iron Hill Brewery & Restaurant and C&D Brewing Company, LLC, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in damages, together with interest, delay damages and allowable costs of suit and brings this action to recover the same.

## COUNT II – PUNITIVE DAMAGES

### EDWARD FOLKER V.
### IRON HILL BREWERY & RESTAURANT
### AND C&D BREWING COMPANY, LLC

16. The above allegations are incorporated herein by reference and made a part hereof as if set forth in full.

17. Defendants had knowledge of the highly dangerous condition of the rear stairs of their facility which caused Plaintiff's injuries.

18. Defendants had knowledge of the risk posed by the defective, dangerous and hazardous condition of the rear stairs prior to the time of Plaintiff's accident.

19. Despite Defendants' knowledge of the risk posed by the dangerous and hazardous condition of the rear stairs, Defendants failed to permit or provide alternate access.

20. Defendants were specifically requested to allow alternate access to the facility due to the dangerous and hazardous condition of the rear stairs, yet refused to permit safe access.

21. Defendants knowingly, willingly and intentionally failed to provide safe access to their facility.

22. Defendants' conduct in willfully and recklessly ignoring the dangerous condition of the rear stairs and to allow alternate access rises to the level of outrageous

conduct and demonstrates indifference to the interests of the public, including Plaintiff, Edward Folker.

23. Defendants put profits and appearance over the health and safety of Plaintiff, Edward Folker.

24. Defendants exposed Plaintiff, Edward Folker, to unsafe conditions and hazards to improve their bottom line.

25. Defendants acted in a willful, wanton and callous disregard for the safety of Plaintiff, Edward Folker, who was severely injured because of Defendants' corporate greed.

WHEREFORE, Plaintiff, Edward Folker, demands judgment for compensatory and punitive damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus pre-judgment interest, post-judgment interest, damages for delay and cost of suit.

        SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.


        BY:_____
           ROBERT J. MONGELUZZI, ESQUIRE
           I.D.#: 36283
           One Liberty Place, 34th Floor
           1650 Market Street
           Philadelphia, PA  19103
           215-496-8282
           215-496-0999 (Fax)

        Attorney for Plaintiff, Edward Folker

DATED:

# VERIFICATION

Plaintiff, being duly affirmed according to law, deposes and says that the facts set forth in the foregoing Complaint are true and correct to the best of signer's knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
EDWARD FOLKER